**Randolph MENDOZA–VASQUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73537.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Reza G. Athari, Esq., Immigration Law Offices of Reza G. Athari, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

Randolph Mendoza–Vasquez, a native and citizen of Guatemala, petitions for re-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

view of the Board of Immigration Appeals' ("BIA") opinion which summarily affirmed the Immigration Judge's ("IJ") denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Mendoza–Vasquez contends that the IJ erred by failing to find that he was eligible for withholding because he showed a clear probability of persecution on the basis of political opinion. Substantial evidence supports the IJ's conclusion that Mendoza–Vasquez was not eligible for withholding because the incidents involving the narco traffickers were not based on an enumerated ground. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001); *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Mendoza–Vasquez failed to establish a CAT claim because he did not show that it is more likely than not that he will be tortured if he returned to Guatemala. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Finally, we reject Mendoza–Vasquez's contention that the BIA erred by summarily affirming the IJ's decision. *See Jiang v. Gonzales*, 425 F.3d 649, 654 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**